

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,954-02

**EX PARTE DARREN LATODD HOUSTON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016R-152-A IN THE 155TH DISTRICT COURT FROM FAYETTE COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to possession of a controlled substance and was sentenced to four years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process in the mandatory supervision revocation process, and that he is being unlawfully confined past his sentence discharge date. Applicant alleges that while out on mandatory supervision he was arrested for a new charge, and made bond on that charge. A parole revocation warrant was issued and executed, and Applicant was advised of his rights in the revocation process. Applicant requested a preliminary hearing, but before

he was granted a preliminary hearing, he was transferred to Colorado County to face a new misdemeanor charge. Applicant alleges that he was released from Colorado County and told that he had discharged his sentence in this case. However, Applicant alleges that he was arrested again on a revocation warrant, which had been re-issued. Applicant alleges that he again invoked his right to a preliminary hearing, but has yet to be afforded a preliminary hearing. He alleges that he should have discharged his sentence in this case, and that he is being unlawfully confined. He also alleges that he is being denied due process by the failure to timely afford him a preliminary hearing.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); TEX. GOV'T CODE SEC. 508.2811; TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel and the Texas Department of Criminal Justice's Office of the General Counsel to obtain responses from people with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response from the Board of Pardons and Paroles shall state whether Applicant has been arrested pursuant to a revocation warrant, and if so, when that warrant was issued and executed. The response shall state whether Applicant has been advised of his rights in the revocation process,

whether he requested or has received a preliminary hearing, and whether he has received a final revocation hearing. The trial court shall make findings of fact as to whether Applicant was arrested for a new offense, and if so, whether he has been formally charged with a new offense.

The response from the Texas Department of Criminal Justice shall state whether Applicant has discharged his sentence in this case. If not, the response shall state whether Applicant is serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code. If not, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when was released,
(3) how much time Applicant spent on mandatory supervision before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on mandatory supervision.

The trial court shall make findings of fact as to whether Applicant's sentence in this case has discharged. The trial court shall also make findings of fact and conclusions of law as to whether Applicant is being afforded due process in the mandatory supervision revocation process. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 3, 2021
Do not publish